By the Court,

Bhonsost, J.
In the view which we have taken of the case, it will be assumed that there was a good redemption by Newell as receiver, but without deciding the question.
As the five judgments under which Stephen Smith claimed 'to redeem were all older than the mortgage, he had no occasion for redeeming from Newell. He had purchased and taken an assignment of the original certificate of sale to Taber, and presented the proper evidence of that fact to the sheriff when he attempted to redeem. (Stat. 1835, p. 210, § 1,2.) It was not necessary for him to pay the original purchase money to the sheriff, for the reason that, as owner of the certificate, he *611 stood in the place of Taber, and was. himself entitled to the money. ■ If he had laid it down, he might have taken it up again the next moment, and the law will not require that he should go through with so idle a ceremony. This point was involved in The People v. Ransom, (2 Hill, 51.) That case also disposes of the objection, that the affidavits stating the amount due on the several judgments were made five days before the papers were presented to the sheriff.
As all of the judgments were older than the mortgage, it was enough to defeat the redemption by Newell if the papers presented by Smith were right as to any one of the judgments. As to four of them, he presented what purported to be original assignments from the several judgment creditors, when the statute only provides for copies. (2 R. S. 373, §60.) Although an original instrument is generally deemed higher evidence than a copy, the legislature has thought proper in this instance to give a different rule; and, within the principle decided by the court of errors in Waller v. Harris, (20 Wend. 555,) there is some difficulty in getting over the objection that copies of the assignments should have been produced.(a) But the doctrine of that case was some-what shaken by the subsequent decision of this court, that the affidavit of the amount due may be made before the time has arrived when the creditor has a right to redeem. (The People v. Ransom, 2 Hill, 51.) My brethren are inclined to the opinion that the papers were sufficient, if it were not for the further difficulty that there was no verification of the papers purporting to be original assignments. The acknowledgments of those papers certified by public officers proved nothing, for the reason that the statute requires a different mode of verification. In some of the affidavits of the amount due, Smith deposed that he was “ the assignee and owner in good faith of the judgment;” but he said nothing about the execution or authenticity of the papers which were delivered to the sheriff. There was no evidence *612 upon that subject, and without it the redemption could not be made.
The remaining judgment was recovered by the Onondaga County Bank, and as to that, Smith presented what purported to be copies of two assignments of the judgment to him by the bank ; and the only question is on the verification. The statute requires the redeeming creditor to present “ a true copy of ' all the assignments &c., verified by his affidavit, or by the affidavit of some witness to the assignment. ” This language cannot be satisfied without proof, either by the party or witness, that the paper produced is a copy of an original instrument which was duly executed; and there is some difficulty in saying that this affidavit proves so much. But I am inclined to think it is sufficient. The words are, “that this deponent is the assignee and owner according to the annexed copies of the transfer thereof by the Onondaga County Bank, in good faith, of the said judgment. ” The affidavit was not very skilfully drawn, and a slight transposition of the different members of the sentence, without the addition or omission of a single word, will make it express more clearly what I think the party intended to affirm. It will then read, “that this deponent is the assignee and owner, in good faith, of the said judgment, according to- the annexed copies of the transfer thereof by the Onondaga County Bank. ” The party swears positively that he is “the assignee and owner” of the judgment, and if it had not been duly assigned, he may be convicted of perjury. And further, that he is the assignee and owner of the judgment, “ according to the annexed copies of the Transfer thereof by the Onondaga County Bank. ” This cannot well mean less, than that the papers annexed are “ copies of the transfer ” by which he became “ the assignee and owner ” of the judgment. Although the question is not entirely free from difficulty, we think the affidavit sufficient ■ and as there was a good redemption under this judgment, Stephen Smith, and not the relator, is entitled to the sheriff’s deed.
As the case is one of some importance, and the relator may *613 wish to review our decision, he may, if he shall so elect within thirty days, have an alternative mandamus for the purpose of putting the matter on record. Otherwise, the motion is denied.
Ordered accordingly.

 See Miller v. Woodworth, (3 Hill, 529.)